IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FLUID CONTROL PRODUCTS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AEROMOTIVE, INC. )<br>)<br>Defendant. )<br>_____ ) | Case No. 4:09-cv-01667-CAS |

ANSWER

Defendant, Aeromotive, Inc. ("Aeromotive") by and through undersigned counsel, provides this Answer to Plaintiff's Complaint. The numbering of paragraphs in the Answer corresponds to the paragraph of the Complaint which is being answered. Unless otherwise expressly admitted herein, all allegations of the Complaint are denied.

ALLEGATIONS COMMON TO ALL COUNTS

NATURE OF THE CASE

1.     Defendant admits that Plaintiff has brought a claim against it for false patent marking under Title 35, Section 292 of the United States Code and for false advertising under Title 15, Section 1125 of the United States Code. Defendant denies liability for such claims. Defendant denies the claim is valid.

2.     Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations of paragraph 2 and therefore denies the same.

3.     Defendant admits that Plaintiff seeks a monetary award of damages and

that one-half of any award for violation of 35 USC Section 292 is to be paid to the United States. Defendant denies any remaining allegations in paragraph 3.

4.      Defendant admits that Plaintiff seeks a monetary award of damages, including costs and attorney's fees pursuant to 15 U.S.C. Sections 1117(a) and 1125(a). Defendant denies any remaining allegations in paragraph 4.

## THE PARTIES

5.      Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the same.

6.      Defendant admits the allegations contained in paragraph 6 of Plaintiff's complaint.

## JURISDICTION, VENUE AND STANDING

7.      Defendant admits the allegations contained in paragraph 7 of Plaintiff's complaint.

8.      Defendant denies the allegations contained in paragraph 8 of Plaintiff's complaint

9.      Defendant admits that Plaintiff alleges an action under 35 U.S.C. § 292(b) which provides that any person may sue for the civil penalty and that Plaintiff alleges an action and under 15 U.S.C. § 1125. Defendant denies any remaining allegations in paragraph 9.

## ALLEGATIONS OF FALSE MARKING AND FALSE ADVERTISEMENT

10. Defendant admits the allegations of paragraph 10 of the complaint.

11. Defendant admits that in the past it has used the phrase Patent Pending in advertisements for its Eliminator and Pro Series fuel pumps (collectively "Fuel Pumps"). Defendant was under the belief that a patent application was filed on its behalf for the Fuel Pumps with the United States Patent and Trademark Office. However, Defendant lacks knowledge or information sufficient to form a belief about whether such an application was actually filed. As to all other allegations of paragraph 11, Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

12. Defendant admits that it has and does sell its Fuel Pumps in interstate commerce.

## COUNT I

## CAUSE OF ACTION FOR FALSE PATENT MARKING

13. Defendant repeats and incorporates its answers from the above paragraphs.

14. Defendant admits that Defendant is a corporate entity which manufactures product. Defendant admits that it has knowledge that an inventor must submit an application for a patent in order to obtain a patent on an article of manufacture or its ornamental design. Defendant denies any remaining allegations of Paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the same.

17. Defendant denies the allegations of paragraph 17 of the complaint.

18. Defendant admits that to its knowledge the Fuel Pumps are not patented. Defendant denies the remaining allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's complaint.

CLAIM FOR DAMAGES FOR FALSE MARKING

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies the same.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's complaint.

COUNT II

CAUSE OF ACTION FOR FALSE ADVERTISING

24. Defendant repeats and incorporates its answers from the above paragraphs.

25. Defendant admits that Defendant is a corporate entity which manufactures product. Defendant admits that it has knowledge that an inventor must submit an

application for a patent in order to obtain a patent on an article of manufacture or its ornamental design. Defendant denies any remaining allegations of Paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies the same.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

## CLAIM FOR DAMAGES FOR FALSE ADVERTISING

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies the same.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

37. Defendant reserves the right to amend its Answer to add additional affirmative defenses that may arise during this course of this litigation.

38. Plaintiff has failed to state a claim upon which relief can be granted.

39. Plaintiff's claim for false advertising is preempted by the Federal Patent Laws.

40. Plaintiff's claims for relief are barred by all applicable statute of limitations including but not limited to 28 U.S.C § 2462

41. Plaintiff's claim for relief against Defendant are barred by the doctrine of laches and/or estoppel.

42. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages.

43. One or more intervening or superceding causes led to Plaintiff's damages, if any, and no act or omission of defendant was the proximate cause of Plaintiff's alleged damages.

44. Plaintiff's claims for relief should be denied due to unclean hands in that upon information and belief Plaintiff has made false and/or misleading statements in promoting its competing fuel pumps in interstate commerce, including the following:

    a) Plaintiff's Prodigy line of fuel pumps offer "substantially higher efficiency and lower current draw";

    b) Plaintiff's "Prodigy Fuel Pumps are the automotive aftermarket's first and only speed controllable DC brushless driven fuel pump"; and

    c) "[w]ith digital fuel delivery you get unheard of electro-mechanical efficiencies in a package half the size of competing pumps"

45. Defendant relied on statements of counsel Debra Fickler in use of the patent pending notice at issue as follows:

a)      Prior to December 28, 2000, Aeromotive retained Debra Fickler, as its attorney to prepare and file a patent application on a fuel pump that has been referred to as a Dual Chamber Pump or a Large Volume Multi-Chamber Fuel Pump. While Debra Fickler was employed by Banner & Witcoff, Ltd, the matter was assigned a reference number 5246.00004.

b)      Around February 16, 2001, Debra Fickler sent a facsimile transmission to a representative of Aeromotive which suggested she would be filing the patent application associated with Banner & Witcoff Law Firm reference number 5246.00004.

c)      On December 14, 2001, Debra Fickler sent Aeromotive a letter indicating she had left Banner & Witcoff on November 9, 2001 and discussing the possible transfer of Aeromotive's files to her. In the correspondence she lists the matters she handled on behalf of Aeromotive at Banner & Witcoff, including the following:

"U.S. Patent Application (pending), *'Large Volume Multi-Chamber Fuel Pump'* B&W Ref. No. 05246.00004"

d)      Around February 18, 2002, Aeromotive sent to Banner & Witcoff, a letter prepared by Debra Fickler, and signed by Steve Matusek of Aeromotive, authorizing Banner & Witcoff to transfer to Debra Fickler its files relating to various matters including the following:

"U.S. Patent Application (pending), *'Large Volume Multi-Chamber Fuel Pump'* B&W Ref. No. 05246.00004"

e)      Upon information and belief, Banner & Witcoff transferred to Debra Fickler its files relating to various matters including B&W Ref. No.

05246.00004.

f) Based upon the correspondence from Debra Fickler to Aeromotive referenced above, representatives of Aeromotive were reasonably led to believe that a patent application had been filed which covered the Fuel Pumps at issue.

g) Since the letter of December 14, 2001, Debra Fickler has never informed Aeromotive that a patent application covering the Fuel Pumps was never filed or that any application that was filed had become abandoned or expired.

46. For further answer and defense, Plaintiff's claim for punitive damages against Defendant violates Defendant's rights secured by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 2, 10, 13, 14 and 21 of the Missouri Constitution in that the claim for punitive damages is for the purpose of punishing Defendant and is tantamount to imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify Defendant in advance of that conduct which will give rise to imposition of punishment in the form of punitive damages, and the amount of penalty that may be imposed is indeterminate in that there are no definite standards governing the discretion of the fact finder in determining the severity of punishment to be inflicted, all of which violate Defendant's rights to procedural and substantive due process secured by both the federal and state constitutions; the claim for punitive damages constitutes an excessive fine and therefore deprives this Defendant of the guarantee secured by the state constitution that excessive fines shall not be imposed; the punitive damage claim discriminates against Defendant on the basis of wealth, in that different amounts can be awarded against

different defendants for the same act based only upon the difference in wealth, and further the lack of standards for punishment of one defendant while refusing to impose punishment on another defendant for engaging in the same or similar conduct, and therefore is irrational, arbitrary, and capricious, and constitutes a deprivation of Defendant's right to the equal protection of the law as secured by the federal and state constitutions; the claim for punitive damages amounts to an ex post facto law and punishment which is retrospective in operation, impairs Defendant's rights to contract and to access to the courts, and further constitutes an uncertain remedy, all in contravention of rights secured for Defendant by the federal and state constitutions.

WHEREFORE, Defendant Aeromotive, Inc. prays for judgment in its favor and against Plaintiff Fluid Control, Inc., and that the court award Defendant its attorneys fees expended in this matter, for court costs and expenses, and for such other and further relief as the Court deems just, equitable and appropriate.

## COUNTERCLAIM

47.     This is a counterclaim for false advertising under Title 15, Section 1125 of the United States Code in partial response to the Complaint filed by Plaintiff Fluid Control, Inc.

48.     This counterclaim is asserted without waiver of Counterclaimant's objection to the improper venue asserted in Plaintiff's complaint and pursuant to 28 U.S.C. §§ 2201 and 2202.

49.     Aeromotive seeks injunctive relief and an award of monetary relief, including costs and attorney's fees pursuant to 15 U.S.C. § 1117(a) for a violation of 15

U.S.C. § 1125(a).

## THE PARTIES

50. Plaintiff Fluid Control is a corporation organized and existing under the laws of Missouri and having its principal place of business at 826A Morton Court, Litchfield, Illinois 62056.

51. Defendant/Counterclaimant Aeromotive, Inc. is a corporation organized and existing under the laws of Kansas having its principal place of business at 7805 Barton Street, Lenexa, Kansas 66214.

## COUNTERCLAIM COUNT I
## FALSE ADVERTISING

52. Upon information and belief, Counterclaim Defendant, Fluid Control, has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets fuel pumps and fuel system related products.

53. Upon information and belief, Counterclaim Defendant Fluid Control markets and offers for sale fuel pumps and fuel system related products through the website www.fuelab.com, commercial promotional materials, commercial advertising materials, and through other sources and dealers (hereinafter, collectively "Promotional Materials").

54. Upon information and belief, Plaintiff Fluid Control has been and is aware that Defendant/Counterclaimant Aeromotive has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets fuel

pumps and fuel system related products.

55. Upon information and belief, Counterclaim Defendant Fluid Control is aware that Plaintiff Fluid Control's fuel pumps and fuel system related products compete with Defendant/Counterclaimant Aeromotive's fuel pumps and fuel system related products in the markets.

56. Upon information and belief, Counterclaim Defendant Fluid Control knows or should know any advertisements caused to enter commerce should not contain literally false factual commercial claims; or be literally true or ambiguous factual claims but which implicitly convey a false impression, are misleading in context, or are likely to deceive consumers.

57. Upon information and belief, Counterclaim Defendant Fluid Control has represented on its Promotional Materials that its Fuelab Prodigy line fuel pumps offer "substantially higher efficiency and lower current draw."

58. Upon information and belief, Counterclaim Defendant Fluid Control's statement "substantially higher efficiency and lower current draw" implicitly represents that the Fuelab Prodigy line fuel pumps offer substantially higher efficiency and lower current draw than competing fuel pumps.

59. Upon information and belief, the Fuelab Prodigy line fuel pumps do not offer substantially higher efficiency and lower current draw than competing Aeromotive fuel pumps.

60. Upon information and belief, Counterclaim Defendant Fluid Control knows or should know that the Fuelab Prodigy line fuel pumps do not offer higher efficiency and lower current draw than competing Aeromotive pumps.

61.     Upon information and belief, Counterclaim Defendant Fluid Control's statement "substantially higher efficiency and lower current draw" actually deceived or has the tendency to deceive a substantial segment of consumers shopping for fuel pumps.

62.     Upon information and belief, the deception of Counterclaim Defendant Fluid Control's statement "substantially higher efficiency and lower current draw" is material and has or is likely to influence the purchasing decision of consumers shopping for fuel pumps.

63.     Upon information and belief, Counterclaim Defendant Fluid Control caused the statement "substantially higher efficiency and lower current draw" to enter interstate commerce in the course of distributing and publishing Promotional Materials.

64.     Upon information and belief, Defendant/Counterclaimant Aeromotive has been or is likely to be injured by Counterclaim Defendant Fluid Control's false statements distributed and published in Promotional Materials.

65.     Upon information and belief, for the reasons set forth herein as well as other reasons as may be deemed by the evidence in this matter, Counterclaim Defendant Fluid Control has benefited from it's wrongful and illegal advertisements in at least maintaining its market share with respect to the Prodigy line fuel pumps and to the detriment of Aeromotive's sales and market share in an amount to be determined.

66.     At least for the reasons set forth herein, together with such other reasons as may be determined by the evidence in this matter, Fluid Control has, on information and belief, used false or materially misleading description of fact or materially misleading representation of fact, used in connection with goods or services used in commerce, in commercial advertising or promotion that misrepresents the nature,

characteristics or qualities of its fuel pumps in violation of 35 U.S.C. § 1125(a).

*WHEREFORE*, Counterclaimant Aeromotive, Inc. asks this Court pursuant to 15 U.S.C. §§ 1125, 1116 and 1117 to:

A.  Enter judgment against Plaintiff and in favor of Aeromotive, Inc. for the violations alleged in the Counterclaim;

B.  Order Plaintiff to pay Aeromotive such amount of profits this Court deems to have been earned from Plaintiff's false advertising;

C.  Order Plaintiff to pay for the costs of this action;

D.  Order Plaintiff to pay Aeromotive's reasonable attorney fees;

E.  Order Plaintiff to pay punitive damages for its willful violations to the full extent permitted by law;

F.  Enjoin Plaintiff from using false and misleading statements in its advertising or promotional materials for its fuel pumps including the statement that its Fuelab Prodigy line fuel pumps offer "substantially higher efficiency and lower current draw;" and

G.  Grant Aeromotive such other and further relief as the Court deems equitable, just and proper.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant Aeromotive, Inc. hereby demands a trial by jury as to all issues.

Respectfully submitted,

**Case & Roberts P.C.**


 /s/ Kevin D. Case
Kevin D. Case, MO 41491; KS 14570
USDC EDMO 213759
Two Pershing Square
2300 Main Street, Suite 900
Kansas City, MO 64108
Tel:    (816) 448-3707
Fax:    (816) 448-3779
kevin.case@caseroberts.com


Kent R. Erickson, MO 40986
Erickson, Kernell, Derusseau & Kleypas, LLC
800 W. 47th Street
Suite 401
Kansas City, MO 64112

Attorneys for Defendant

### Certificate of Service

I hereby certify that on December 7, 2009, a true and correct copy of the above and foregoing was served by electronic filing via the ECM/CF system, which transmitted same via electronic mail to:


Brian D. Klar
Klar, Izsak & Stenger, LLC
1505 South Big Bend Blvd.
St. Louis, MO  63117
Attorney for Plaintiff


             /s/ Kevin D. Case
             Kevin D. Case