**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| FLUID CONTROL PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1667 CAS |
| | ) | |
| AEROMOTIVE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This is an action for false patent marking under 35 U.S.C. § 292 and false advertising under the Lanham Act, 15 U.S.C. § 1125(a). The matter is before the Court on plaintiff Fluid Control Products, Inc.'s motion to strike seven of defendant's affirmative defenses. Defendant Aeromotive, Inc. opposes the motion. Plaintiff has not filed a reply and the time to do so has passed. For the following reasons, the motion will be denied.

**Background**

Plaintiff Fluid Control Products, Inc. ("Fluid Control") manufactures and sells fuel pumps to the general public. Defendant Aeromotive, Inc. ("Aeromotive") is a competing manufacturer and seller of fuel pumps. The complaint alleges that in the past and presently, Aeromotive has marked the packaging, invoices, advertising and marketing materials for its Eliminator and Pro Series fuel pumps (collectively "Fuel Pumps") with the phrase "patented" and/or "patent pending," although it either did not file a patent application or no patent was issued for the Fuel Pumps. Fluid Control states that it recently discovered Aeromotive's false marking and false advertising, and as a result filed the instant action against on October 7, 2009.

Aeromotive filed its Answer which includes the following affirmative defenses:

38. Plaintiff has failed to state a claim upon which relief can be granted.

39. Plaintiff's claim for false advertising is preempted by the Federal Patent Laws.

40. Plaintiff's claims for relief are barred by all applicable statute of limitations including but not limited to 28 U.S.C. § 2462.

41. Plaintiff's claim[s] for relief against Defendant are barred by the doctrine of laches and/or estoppel.

42. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages.

43. One or more intervening or superceding causes led to Plaintiff's damages, if any, and no act or omission of defendant was the proximate cause of Plaintiff's alleged damages.

44. Plaintiff's claims for relief should be denied due to unclean hands in that upon information and belief Plaintiff has made false and/or misleading statements in promoting its competing fuel pumps in interstate commerce, including the following:

> a) Plaintiff's Prodigy line of fuel pumps offer "substantially higher efficiency and lower current draw"'
>
> b) Plaintiff's "Prodigy Fuel Pumps are the automotive aftermarket's first and only speed controllable DC brushless driven fuel pump"; and
>
> c) "[w]ith digital fuel deliver you get unheard of electro-mechanical efficiencies in a package half the size of competing pumps".

Answer at 6.

Fluid Control moves to strike these affirmative defenses pursuant to Rules 12(b)(6), 12(c), 12(f) and 8(b), Federal Rules of Civil Procedure.

**Legal Standard**

As a threshold matter, the Court evaluates Fluid Control's motion under Rules 8 and 12(f) only, as neither the motion nor the memorandum in support address the appropriate standards for deciding motions under Rules 12(b)(6) or 12(c), or offer any argument under these rules. Under

Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f), Fed. R. Civ. P.  Motions to strike are not favored and are infrequently granted, because they are an "extreme measure" and propose a drastic remedy.  Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000).  Nonetheless, resolution of such a motion lies within the broad discretion of the court.  Id.

> This Court has stated the following with respect to deciding a motion to strike:
>
> In determining a motion to strike, the Court "must view the pleadings in the light most favorable to the pleader." Multimedia Patent Trust v. Microsoft Corp., 525 F.Supp.2d 1200, 1211 (S.D. Cal. 2007).  Additionally, the Court should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion.  See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), rev'd on other grounds, 478 U.S. 1015 (1986); accord Lunsford v. United States, 570 F.2d 221, 229-30 (8th Cir. 1977). Finally, a motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues.  See DeLa Cruz v. Piccari Press, 521 F.Supp.2d 424, 428-29 (E.D. Pa. 2007); see also Young v. Dunlap, 223 F.R.D. 520, 522 (E.D. Mo. 2004).  The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome.  Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F.Supp.2d 313, 325 (S.D.N.Y. 2003); see United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989).

Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., No. 4:08-CV-243 JCH, 2008 WL 2817106, at *2 (E. D. Mo. July 21, 2008) (parallel citations omitted).

"Affirmative defenses are . . . subject to the general rule that a pleading must contain a 'short and plain statement' of the basis of the defense." Id. (quoting Rule 8(a), Fed. R. Civ. P.).  While the purpose of requiring an affirmative defense to be pleaded is to provide a plaintiff with notice and the opportunity to respond, under Rule 8(c), Fed. R. Civ. P., a defendant "is required to plead only affirmative defenses, not evidence or facts." Fleishour v. Stewart Title Guar. Co., 640 F.Supp.2d

1088, 1090 (E. D. Mo. 2009). "As with material in a complaint, the movant must make a strong showing to succeed in striking an affirmative defense. It should be stricken only when it is insufficient on the face of the pleadings." 2 James Wm. Moore, et al., Moore's Federal Practice, § 12.37[4] (3d ed. 2009). "If sufficiency of the defense depends on disputed issues of fact or questions of law, a motion to strike should not be granted." Id.

**Discussion**

    A. Failure to State a Claim

Fluid Control moves to strike Aeromotive's defense of failure to state a claim upon which relief can be granted, on the basis that it has pleaded sufficient facts which, when taken as true, would raise more than a speculative right to relief. Essentially, Fluid Control's motion asks the Court to affirmatively review plaintiff's claims to determine whether each states a claim upon which relief can be granted, although Aeromotive has not filed a motion to dismiss and its affirmative defense does not specify the manner in which the complaint may fail to state a claim.

This aspect of the motion to strike will be denied, as Fluid Control has not articulated any basis for a finding of prejudice or confusion as a result of the inclusion of this defense. The mere investigation of affirmative defenses through routine discovery does not constitute prejudice. Further, although Fluid Control asserts that striking insufficient defenses at the start of litigation "saves judicial resources which would be necessary to adjudicate these defenses," Pl.'s Mem. Supp. at 2, the Court prefers to conserve its resources by declining to issue an advisory opinion on the

sufficiency of plaintiff's complaint on a motion to strike.[1] It is quite possible no motion for judgment on the pleadings will be filed in this matter.[2]

B. Preemption

Fluid Control moves to strike Aeromotive's defense of preemption by the federal patent laws, on the basis that it has asserted a claim under the federal patent laws, 35 U.S.C. § 292(a), and therefore the claim cannot be preempted as a matter of law. Fluid Control also asserts that its Lanham Act claim, 15 U.S.C. § 1125(a), is not preempted by federal patent law, and as a result this affirmative defense fails as a matter of law.

Aeromotive responds that because a patent holder is not liable for mismarking its products under the Patent Act absent the intent to deceive, bad faith must be alleged in a Lanham Act false advertising claim based on mismarking in order to avoid a conflict with the federal patent laws. This is because if a Lanham Act claim based on mismarking does not allege bad faith, it is preempted by the patent law's false marking statute. Aeromotive asserts that Fluid Control does not allege bad faith in its patent or Lanham Act claims, and as a result the Lanham Act claim conflicts with federal patent law and is preempted by the Patent Act.

---

[1] Some cases have stated that failure to state a claim upon which relief can be granted is not a true affirmative defense because it merely assets a defect in the plaintiff's prima facie case, Lemery v. Duroso, 4:09-CV-167 JCH, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009) (striking defense as legally insufficient), or denies a plaintiff's claim, Bluewater Trading LLC v. Willmar USA, Inc., 2008 WL 4179861, at *3 (S.D. Fla. Sept. 9, 2008) (refusing to strike defense and instead treating it as a denial). The Court need not address this issue because Fluid Control did not raise it and this point has been resolved on another basis.

[2] Aeromotive may not, of course, file a motion to dismiss under Rule 12(b)(6) because it has already filed a responsive pleading to Fluid Control's complaint. See Rule 12(b), Fed. R. Civ. P.

The Court will not strike this defense. Although the defense appears to fail as a matter of law with respect to Fluid Control's patent claim, there is no allegation of prejudice and it does not appear the parties would expend significant resources on the defense with respect to the patent claim. With respect to the Lanham Act claim, the defense's sufficiency depends on disputed questions of law, and therefore Fluid Control has failed to establish that it cannot succeed under any set of circumstances.

C. Statute of Limitations.

Fluid Control moves to strike Aeromotive's statute of limitations defense on the basis that there is no statute of limitations in the Lanham Act and, as a result, courts hold that laches is the more appropriate defense to suits under the Act. This defense will not be stricken, as the statute of limitations may be relevant to the issue of laches. This Court has stated that in deciding whether laches bars a suit under the Lanham Act, reference is made to the limitations period for the analogous action at law, and then the analogous statute of limitations is used as a guideline for determining whether the claim is barred by laches. Cynergy, 2008 WL 2817106, at * 3 (refusing to strike statute of limitations defense in Lanham Act case).

D. Laches

Fluid Control moves to strike the defenses of laches and/or estoppel because (1) Aeromotive has failed to sufficiently plead it, and (2) even if it is sufficiently pleaded, the defense fails as a matter of law because the analogous state of limitations is five years, and Fluid Control only learned of Aeromotive's false marking and advertising six months before it filed suit.[3] Thus, Fluid Control

---

[3]The Court does not address the defense of estoppel separately from laches, because Fluid Control has not offered any argument or case law in support of its motion to strike the estoppel defense. To the extent the motion is directed to the estoppel defense, it will be denied.

contends that Aeromotive cannot show it inexcusably and unreasonably delayed in bringing this action, or that Aeromotive was unduly prejudiced by any such delay.

Aeromotive responds that this Court has held a laches defense is sufficiently raised for purposes of Rule 8 by its bare assertion, citing Cynergy, 2008 WL 2817106, at *2. Aeromotive further responds that because laches is used to determine the applicable limitations period, and Fluid Control failed to limit its claim for relief to any identifiable time period, it asserted the laches defense as a defense to any claim for relief falling outside of the limitations period.

The Court will not strike the laches defense because it is adequately pleaded under Cynergy, and it may be relevant for the reason stated by Aeromotive.

E. Failure to Mitigate Damages

Fluid Control moves to strike the defense of failure to mitigate damages on the basis that it fails as a matter of law. Fluid Control asserts that it seeks the statutory penalty on its patent claim, and as a result has no duty to mitigate its damages. Fluid Control further asserts that it has no duty to mitigate its damages under the Lanham Act, as no such requirement is established in 15 U.S.C. § 1117, and the damages it seeks are Aeromotive's profits from its false advertising.

Aeromotive responds that Fluid Control has not cited any cases to support the proposition it asserts with respect to either the Patent Act or Lanham Act claims. Aeromotive further responds that although Fluid Control states it is not seeking damages, the ad damnum clause in its complaint is broad and belies that claim. Aeromotive states that if Fluid Control stipulates it is not seeking compensatory damages, it will withdraw its affirmative defense of failure to mitigate damages, but at this point, Fluid Control's motion to strike is at odds with its complaint and the defense of mitigation is therefore properly pleaded.

7

The Court will not strike the defense of failure to mitigate damages because Fluid Control has not established as a matter of law that it is insufficient on its face, for the reasons stated by Aeromotive. In addition, Fluid Control has not shown that it will suffer undue prejudice by assertion of the defense.

F. Intervening or Superseding Cause

Fluid Control moves to strike the defenses of intervening or superseding cause on the basis that they fail as a matter of law. With respect to its false marking claim under 35 U.S.C. § 292(a), Fluid Control asserts that it is not required to provide evidence of causation for any damages, as a plaintiff need only prove that the defendant caused the words "patented" or "patent pending" to be affixed to advertisements for products that are not in fact patented or for which no patent application was made. With respect to its Lanham Act claim, Fluid Control asserts that because it has only sought equitable relief, and not compensatory money damages, it is not required to prove that Aeromotive's false advertisements caused it any damage. Fluid Control asserts that the defenses of intervening or superseding cause and, therefore, lack of proximate cause, are irrelevant and fail as a matter of law.

Aeromotive responds that for Fluid Control to prevail on its Lanham Act claim, it must prove it has been or is likely to be injured as a result of the false advertisement, either by direct diversion of sales from itself to Aeromotive, or by a loss of goodwill associated with its products, citing United Industries Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998). Further, to recover money damages under the Lanham Act, a plaintiff must prove both actual damages and a causal link between the defendant's violation and those damages. Id. Aeromotive states that the complaint does not disclaim an award of compensatory damages, and the complaint's ad damnum clause is substantially

broader than an explicit disclaimer of damages. Aeromotive contends that without such a disclaimer, Fluid Control is required to prove actual damages and a causal link between Aeromotive's alleged violation and those damages. Aeromotive asserts that to the extent Fluid Control does claim any damage caused by its alleged conduct, it is entitled to prove an equally plausible cause for plaintiff's damage, such as the defense of intervening or superseding cause. Aeromotive did not respond with respect to Fluid Control's patent law claim.

The Court will not strike these defenses. Although the defenses appear to fail as a matter of law with respect to Fluid Control's patent claim, there is no allegation of prejudice and it does not appear the parties would expend significant resources on these defenses with respect to the patent claim. With respect to the Lanhan Act claim, Fluid Control has failed to show that the defenses cannot succeed under any set of circumstances, or that it will suffer undue prejudice by their assertion.

G. Unclean Hands

Finally, Fluid Control moves to strike the defense of unclean hands on the basis that it fails as a matter of law. Fluid Control states that Aeromotive has asserted a counterclaim for false advertising under the Lanham Act, based on Fluid Control's representations in its promotional materials that its fuel pumps offer "substantially higher efficiency and lower draw." Fluid Control states that its representations are true, and therefore its actions do not violate the Lanham Act and it does not have unclean hands as a matter of law.

Aeromotive responds that it has alleged Fluid Control has made false assertions about Fluid Control's fuel pumps in the course of promoting its products, and as a result Aeromotive has pleaded the affirmative defense of unclean hands and filed a counterclaim under the Lanham Act.

9

Aeromotive states that Fluid Control has yet to prove that its representations are true, and at this early stage of the litigation, Aeromotive is not required to prove its entire case, so it cannot be said the defense fails as a matter of law.

The Court will not strike this defense, as Fluid Control has not established that defense of unclean hands is insufficient on its face. This defense raises factual issues for the Court to consider on a properly filed dispositive motion, rather than at this stage on a motion to strike.

**Conclusion**

For the foregoing reasons, plaintiff Fluid Control Products, Inc.'s motion to strike defendant Aeromotive, Inc.'s affirmative defenses will be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Strike Seven of Defendant's Affirmative Defenses is **DENIED**. [Doc. 7]

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of February, 2010.