# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FLUID CONTROL PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1667 CAS |
| | ) | |
| AEROMOTIVE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is an action for false patent marking under 35 U.S.C. § 292 and false advertising under the Lanham Act, 15 U.S.C. § 1125(a). The matter is before the Court on plaintiff Fluid Control Products, Inc.'s Motion to Determine Status of Attorney-Client Privilege. Defendant Aeromotive, Inc. opposes the motion. Plaintiff filed a reply and this matter is ready for decision. For the following reasons, the motion will be denied as premature.

**Background**

Plaintiff Fluid Control Products, Inc. ("FCP") manufactures and sells fuel pumps to the general public. Defendant Aeromotive, Inc. ("Aeromotive") is a competing manufacturer and seller of fuel pumps. The complaint alleges that Aeromotive has in the past and continues to mark the packaging, invoices, advertising and marketing materials for its Eliminator and Pro Series fuel pumps with the phrases "patented" and/or "patent pending," although it either did not file a patent application or no patent was issued for the fuel pumps.

**Discussion**

In the instant motion, FCP states that in October 2010 it served a subpoena for deposition and production of documents to a non-party, Debra J. Fickler, who previously served as an attorney

for Aeromotive concerning certain patent work and patent applications at issue in this case. FCP states that Aeromotive "has communicated to Plaintiff that it is likely to object to the production of documents and testimony by Ms. Fickler regarding communications, correspondence, billing and documentation involving the Pro Series and Eliminator fuel pumps as violative of Defendant's attorney-client privilege." Mot. at 1. FCP asserts that Aeromotive's reliance on the attorney-client privilege is misplaced, because it has placed Ms. Fickler's work and communications in direct issue by asserting an advice-of-counsel defense in its Answer and, as a result, any privilege regarding Ms. Fickler's documents and testimony about the patent work at issue in this case is waived. Id. FCP asks the Court to order that the attorney-client privilege between Aeromotive and Ms. Fickler "related to communications, correspondence, billing, and all documentation involving the potential patenting or filing of patent applications of the Pro Series and/or Eliminator fuel pumps was waived." Id. at 3.

Aeromotive responds that FCP's motion is "a request for an unwarranted advisory opinion for a dispute which does not presently exist." Response at 1. Aeromotive states that its answer asserts a number of defenses including reliance on the advice of counsel, and that its corporate designee testified Ms. Fickler recommended it use the terms "pat. pend., patent pending or patented" regarding its products and marketing materials. Aeromotive states that it did not file a motion for protective order or request other relief after FCP noticed Ms. Fickler for deposition, and in fact filed its own Notice of Deposition.[1] Aeromotive states that it requires Ms. Fickler's testimony to

---

[1] Although Aeromotive states that the Court docket reflects the filing of its deposition notice on December 16, 2010, this is incorrect. Pursuant to E.D. Mo. Local Rule 3.02(A), "In civil actions, discovery and disclosure materials pursuant to Fed. R. Civ. P. 26, 30, 31, 33, 34, 35, and 36, and their certificates of service, shall not be filed with the Court except as exhibits to a motion or memorandum."

2

prosecute one or more of its affirmative defenses and there is no pending objection to her anticipated deposition. Thus, Aeromotive contends the Court is being asked for an impermissible advisory opinion.

FCP replies that upon noticing Ms. Fickler's deposition, "Counsel for Aeromotive made it perfectly clear that, upon traveling to Kansas City for Ms. Fickler's deposition, counsel intended to interfere and/or prevent testimony by Ms. Fickler based on the attorney-client privilege." Reply at 2.[2] FCP also asserts that Aeromotive's deposition notice for Ms. Fickler was filed after FCP filed the instant motion and was filed only to aid Aeromotive's arguments in its opposition. FCP reiterates its position that Aeromotive has waived any attorney-client privilege as it relates to testimony by Ms. Fickler involving any patent applications filed for the Pro Series or Eliminator fuel pumps. FCP asserts that "the applicability of this privilege is at issue and the parties are best served by a ruling as to such a waiver in advance of Ms. Fickler's deposition." Id.

It is fundamental that federal courts are prohibited by Article III of the United States Constitution from issuing advisory opinions. See Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Engineers, 440 F.3d 1038, 1043 (8th Cir. 2006). The motion papers indicate there is no current dispute between FCP and Aeromotive concerning the existence or scope of any waiver of the attorney-client or work product privileges. As a result, FCP's motion seeks an advisory opinion and is premature.

The Court recognizes that FCP is concerned time and money will be wasted if its counsel travels to Kansas City for Ms. Fickler's deposition, only to be met with Aeromotive's objections based on attorney-client privilege. Aeromotive, for its part, admits it has placed the advice-of-

---

[2]FCP's assertion is not supported by an affidavit of counsel or other evidence.

counsel defense at issue and needs testimony from Ms. Fickler to support that defense. Before Ms. Fickler's deposition is taken, counsel may wish to review decisions from this Court, such as Bancorp Services, L.L.C. v. Sun Life Assurance Co. of Canada, 4:04-CV-1073 CEJ, 2006 WL 1026992, at *1 (E.D. Mo. Apr. 14, 2006) and FPS Investments, LLC v. Azteca Milling, L.P., 4:07-CV-1303 JCH, 2008 WL 8178682, at *1 (E.D. Mo. June 10, 2008), which may be instructive.

If Aeromotive objects to any of FCP's questions to Ms. Fickler based on privileges that FCP believes have been waived, FCP may file a motion to compel under Rule 37(a), Fed. R. Civ. P.[3] The Court notes that if it finds any such objections were not substantially justified, it must award FCP its reasonable expenses incurred in making the motion, including attorney's fees, under Rule 37(a)(5).

For the foregoing reasons, plaintiff Fluid Control Products, Inc.'s motion to determine the status of defendant's attorney-client privilege should be denied as premature.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Determine Status of Attorney-Client Privilege is **DENIED** as premature. [Doc. 43]

        **CHARLES A. SHAW**
        **UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of January, 2011.

---

[3] Any motion to compel must comply with Local Rule 3.04(A), and must be noticed on the Court's monthly discovery motion docket.