# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FLUID CONTROL PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1667 CAS |
| ) | |
| AEROMOTIVE, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Aeromotive, Inc.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). Plaintiff Fluid Control Products, Inc. opposes the motion, and defendant has filed a reply. For the following reasons, the Court will grant defendant's motion.

**Background**

Plaintiff Fluid Control Products, Inc. ("FCP") manufactures and sells fuel pumps to the general public. Defendant Aeromotive, Inc. ("Aeromotive") is a competing manufacturer and seller of fuel pumps. The amended complaint alleges false patent marking under the Patent Act, 35 U.S.C. § 292, and false advertising under the Lanham Act, 15 U.S.C. § 1125(a). Specifically, FCP alleges that Aeromotive has in the past and continues to mark the packaging, invoices, advertising and marketing materials for its Eliminator and Pro Series fuel pumps with the phrases "patented" and/or "patent pending," although it either did not file a patent application or no patent was issued for these fuel pumps. Aeromotive filed a counterclaim against FCP for false or misleading descriptions or representations of FCP's products in violation of the Lanham Act, 15 U.S.C. § 1125(a).

**Discussion**

Aeromotive moves to transfer this case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because Aeromotive is a Kansas corporation with its principal place of business in Kansas, the District of Kansas is a judicial district where this action "might have been brought." See 28 U.S.C. § 1391(b).

Federal courts generally give "considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997); Biometics, LLC v. New Womyn, Inc., 112 F.Supp.2d 869, 875 (E.D. Mo. 2000). The party seeking transfer is required to make a "clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." Viasystems Techs. Corp., L.L.C. v. Forest City Commercial Dev., 2008 WL 2064971, at *3 (E.D. Mo. May 14, 2008) (quoting Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 928 (E.D. Mo. 1985)). A transfer which would merely shift the inconvenience from one party to another should not be granted. Id. "When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable, there is no basis for a change of venue; the tie is awarded to the plaintiff . . . .'" Trident Steel Corp. v. Oxbow Steel Int'l, LLC, 2009 WL 3242045, at *4 (E.D. Mo. Oct. 5, 2009) (quoting In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003)).

"The statutory language [of § 1404(a)] reveals three general categories of factors that courts *must* consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc., 119 F.3d at 691. A district court's evaluation of a motion to transfer is not limited, however, to these three factors. Id. at 696. A court has the discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The Court will address the three factors under the circumstances of this case.

    1. Convenience of the Parties

"The 'logical starting point' for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by the plaintiff and the proposed transferee district." 17 James Wm. Moore, et al., Moore's Federal Practice, § 111.13[1][e][i] (3d ed. 2010). The plaintiff is a Missouri corporation with its principal place of business in Litchfield, Illinois, which is approximately fifty miles from St. Louis, Missouri, where this Court is located. The defendant is a Kansas corporation with its principal place of business in Lenexa, Kansas. It is generally presumed that the most convenient district for a party is the district of its residence. Here, the district of plaintiff's residence is the Central District of Illinois, Springfield Division, not the Eastern District of Missouri. The plaintiff's choice of forum is accorded less weight where, as here, it is not the plaintiff's residence, Biometics, 112 F.Supp.2d at 877, but it would obviously be more convenient for plaintiff to litigate in this district rather then the District of Kansas. Conversely, it would be more convenient for Aeromotive to litigate in the District of Kansas

The Court assumes that both parties' relevant records, documents and other evidence are located in their home districts. Aeromotive argues that it will incur substantial costs for travel and

3

loss of employee time if it is forced to defend this action in the Eastern District of Missouri, as at least five of its employees would be witnesses, and there are at least two non-party witnesses not subject to the Court's subpoena power.[1] FCP responds that its witnesses reside in the greater St. Louis metropolitan area, but provides no specific information. The Court notes that plaintiff's counsel is located in this district, but the convenience of the plaintiff's counsel is not entitled to any weight in the analysis. Biometics, 112 F.Supp.2d at 876 (citing cases).

Based on these considerations, the Court does not find that the convenience of the parties factor strongly favors the transfer of this action, as it is largely in balance and one of the parties will unavoidably be inconvenienced whether transfer is granted or not.

2. Convenience of Witnesses

The convenience of witnesses has been called "the most powerful factor governing the decision to transfer a case." 17 Moore's, § 111.13[1][f][i]. "The convenience of the witnesses is determined by reference to their residence in relation to the district in which the action is pending and the proposed transferee district." Id. The sheer number of witnesses is not determinative. Rather, the party seeking transfer must specifically identify the material witnesses and indicate what their testimony at trial will be. Id.; see American Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 262 (W.D. Mo. 1980). Both parties should submit specific information concerning the witnesses and their expected testimony to establish which material witnesses will be inconvenienced. 17 Moore's, § 111.13[1][f][v].

---

[1] Aeromotive lists eight employee witnesses and three non-party witnesses, but FCP objects that three of the employee witnesses and one of the non-party witnesses were not previously disclosed in discovery and should not be considered.

The convenience of party witnesses, and those closely aligned with a party, such as employees, are given less weight in the transfer analysis than non-party witnesses, who may be unwilling to testify and may not be compelled to do so if they reside more than 100 miles from the court at which the trial is held. 17 Moore's, § 111.13[1][f][iii]. "The amenability of significant nonparty witnesses to subpoena at the respective forums is an important factor to be considered." Id., § 111.13[1][g].

In support of the motion to transfer, Aeromotive submitted the affidavit of its President, Steve Matusek. Mr. Matusek avers that in 2000, Aeromotive retained a patent attorney, Debra Fickler, to prepare and file a patent application for some of its fuel pumps, and that Ms. Fickler led Mr. Matusek to believe such an application had been filed and never informed him that the application was abandoned, expired, or was never filed. Aeromotive states that Ms. Fickler is its key witness whose testimony will demonstrate its efforts to pursue patent protection on its fuel pumps, and that she resides in Kansas, outside the scope of this Court's subpoena power. Aeromotive asserts that it is essential for Ms. Fickler's testimony to be presented live because of her importance as a defense witness. Aeromotive states that it also intends to call Kyle Fickler, Ms. Fickler's husband and a former Aeromotive employee, to testify concerning Aeromotive's efforts to pursue patent protection on its fuel pumps as well as the contents of its catalogs. Mr. Fickler also resides in Kansas and is not subject to this Court's subpoena power.

Aeromotive asserts that all of its witnesses live in Kansas or in the greater Kansas City area. The Matusek affidavit lists as witnesses Matusek, CEO and Treasurer Jack Hylton, engineer Joe Miller, marketing manager Jesse Powell, technical support provider Jared Cox, and customer service employee Lori Matusek, who live in Kansas; and head engineer Shawn Wessol, former Vice President Jeff Stacy, and technical support provider Brett Clow, who live in the greater Kansas City,

Missouri area.² All of these witnesses reside outside the scope of the Court's subpoena power. Aeromotive has provided information concerning the general nature of each of these witnesses' testimony, and asserts that it would be inconvenient and expensive for these witnesses to have to travel to St. Louis for trial.

In opposition, FCP states that almost every defense witness is employed and controlled by Aeromotive, and that four of the listed witnesses, Clow, Cox, Lori Matusek and Stacy, were not named in interrogatory responses or Rule 26 disclosures, and therefore should be disregarded. FCP asserts that "to date no witnesses have objected to participating in the trial process." Mem. Opp. at 2. FCP states that Ms. Fickler works in Kansas City, Missouri and "[t]o date, her cooperation in the matter is not in question." Id. at 4. FCP asserts that Aeromotive has failed to present evidence that its witnesses will not appear in court or for depositions, and argues that the alleged inconvenience of the forum should have been raised months ago.

FCP does not provide any affirmative evidence concerning the issue of the convenience of its witnesses, other than to state they reside in the greater St. Louis metropolitan area. Whether this means in the Litchfield, Illinois area, or somewhere closer to St. Louis, Missouri, is unclear. FCP does not state how many witnesses it has, what their names are, what their proposed testimony would be, or whether they are its employees or are non-parties. FCP thus has presented the Court with no evidence concerning the convenience of its witnesses.

The Court finds that the convenience of the witnesses factor weighs strongly in favor of transfer. Given the nature of FCP's claims, it is readily apparent that the testimony of Aeromotive's former patent attorney, Ms. Fickler, would be key to its defense. Because Ms. Fickler is an

---

²It is not clear from the record whether the two technical support persons, Clow and Cox, are Aeromotive employees.

important witnesses, her live testimony would be far preferable to deposition testimony, as even videotaped depositions are not a substitute for live testimony, particularly where credibility may be important. It is uncontroverted that Ms. Fickler resides and works beyond the scope of this Court's subpoena power. This factor is entitled to significant weight, and the Court is reluctant to have a trial in a forum in which a key witness cannot be forced to testify. See 17 Moore's, § 111.13[1][g]. The fact that Aeromotive has not presented evidence of Ms. Fickler's unwillingness to cooperate is not determinative, although it would have been preferable for Aeromotive to provide some evidence on this point. This may be an issue that cannot be fully developed until the time of trial.

The Court would be hesitant to transfer venue based on the potential unavailability of a single witness. Here, however, Aeromotive has provided information concerning the anticipated testimony of at least one other non-party witness not subject to the Court's subpoena power, Kyle Fickler, and has asserted that it will be expensive and disruptive for it to bring its several employee witnesses to testify in St. Louis. While the consideration given to the convenience of employee witnesses is less significant than that afforded to non-party witnesses, the Court does not ignore the convenience of employee witnesses. Further, it is very significant to the resolution of this motion that FCP, in opposing transfer, has not provided the name, proposed testimony, place of residence, or status as employee or non-party of a single witness, and opposes the transfer almost entirely on the basis of its right to choose the forum, which in this case is not its home district, and Aeromotive's delay in filing the motion. This is insufficient to overcome Aeromotive's showing that the convenience of its witnesses, as discussed above, favors transfer.

Based on the foregoing, the Court concludes that the convenience of the witnesses weighs strongly in favor of the transfer of this case to the District of Kansas. This is primarily because Aeromotive is unable to rely on the compulsory process of this Court to guarantee the live testimony

at trial of its key defense witness, Ms. Fickler, and the related testimony of Mr. Fickler. In addition, Aeromotive's evidence of the inconvenience associated with bringing its witnesses to this district is not offset by any evidence from FCP concerning the inconvenience to its witnesses if they are required to attend trial in Kansas.

    3. Interests of Justice

The interests of justice factor may include considerations of judicial economy, the plaintiff's choice of forum, the comparative costs to the parties in litigating in each forum, obstacles to a fair trial, and the advantages of having a local court determine questions of local law. Terra Int'l, Inc., 119 F.3d at 696. The Court has already discussed the lesser weight it attaches to FCP's selection of this district as its forum because it is not FCP's district of residence. The only other interests of justice factor raised by the parties' memoranda is the issue of Aeromotive's delay in filing the motion to transfer.

FCP states that this action was filed in October 2009, and Aeromotive filed its answer and counterclaim in December 2009. Since that time, the Court issued a scheduling order which has been amended several times, issued orders on two substantive motions, referred the case to mediation, and the parties have undertaken extensive discovery. Trial is set for August 22, 2011. FCP asserts that there has been no change of circumstances, location of evidence, location or status of witnesses, or other basis for Aeromotive to file its motion to transfer at this late stage of the case. FCP also contends that transferring the case to the District of Kansas would cause undue delay because it would have to obtain new counsel who would have to become familiar with the case.

Aeromotive responds that there is no time limit for a motion to transfer under Section 1404(a), and that delay alone is not a sufficient reason to deny a transfer unless the motion is a dilatory tactic or would unduly prejudice the opposing party, citing American Standard, 487 F. Supp.

8

at 261. Aeromotive states there is no showing that its motion is a dilatory tactic or that FCP would be unduly prejudiced, as the convenience of its counsel is not entitled to any weight in the analysis and current counsel could seek *pro hac vice* admission to the District of Kansas under that court's local rules.

The sixteen-month delay in filing the motion in this case is lengthy, but is not by itself cause to deny the motion. See, e.g., American Standard, 487 F. Supp. at 261 (four-year delay in filing motion to transfer in complex civil action was not a reason for its denial, absent a showing the motion was a dilatory tactic or the delay was prejudicial); Talent Tree Crystal, Inc. v. DRG, Inc., 2005 WL 3312554, at *4 (W.D. Mich. Dec. 7, 2005) (interests of justice did not preclude transfer where plaintiff could not show prejudice resulting from eleven-month delay); U.S. Fidelity & Guaranty Co. v. Republic Drug Co., Inc., 800 F. Supp. 1076, 1082-83 (E.D.N.Y. 1992) (same; ten-month delay); Crane v. Metro-North Commuter R.R., 1989 WL 74954, at *2 (S.D.N.Y. 1989) (same; two-year delay). The Court finds there is no evidence the motion is a dilatory tactic by Aeromotive, and FCP's conclusory assertion it will be required to obtain new counsel does not establish undue prejudice in light of the possibility of *pro hac vice* admission to the District of Kansas under that court's Local Rule 83.5.4. The motion was not filed on the eve of trial, as the dispositive motion deadline has not passed and trial is set six months in the future. The delay in filing the motion therefore does not require its denial.

**Conclusion**

Having considered the relevant factors under § 1404(a) and the lesser weight to be given to FCP's choice of forum under the circumstances of this case, the Court finds that Aeromotive has met its burden of proving a transfer is warranted based on the convenience of witnesses. Aeromotive's motion to transfer the case to the District of Kansas should therefore be granted.

9

Accordingly,

**IT IS HEREBY ORDERED** that defendant Aeromotive, Inc.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED**. [Doc. 50]

An appropriate order of transfer will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of February, 2011.